## BANK OF WAYNESBORO v. RYAN.

(Circuit Court of Appeals, Eighth Circuit. September 13, 1915.)

No. 4396.

BILLS AND NOTES ⬱310—CONSTRUCTION—PART PERFORMANCE.

> Pending an action by plaintiff on a note, plaintiff and defendant entered into a contract reciting that, in consideration of the total sum of $9,000, plaintiff "contracts to sell" to defendant the notes and a collateral contract and lien; that $500 was paid in cash and $8,500 was payable on or before a named date; that "in consideration of the payment of said $500, and the agreement to pay said sum of $8,500" plaintiff agreed to stipulate for a continuance of the pending suit until after the payment became due. On the next day an escrow agreement was made, by which the note and collateral contract, with an assignment thereof, were deposited with a bank, to be delivered to defendant on payment of the $8,500, the agreement providing that in case it was not paid at maturity plaintiff should "have the option" to withdraw the papers and retain any payments made as liquidated damages. Defendant having made default, plaintiff brought action on the contract to recover $8,500 and interest, alleging that it had stipulated for continuance of the prior action as provided therein and that the papers were still with the bank subject to the escrow agreement. *Held*, that the complaint stated a cause of action; that the contract was not one merely granting an option, nor one providing liquidated damages for its breach, but one of bargain and sale, binding on both parties, which by continuance of the pending action plaintiff had performed, so far as it was to be performed by it prior to payment by defendant.

> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 742, 743; Dec. Dig. ⬱310.]

> Elliott, District Judge, dissenting.

In Error to the District Court of the United States for the District of Utah; John A. Marshall, Judge.

Action at law by the Bank of Waynesboro against T. D. Ryan. Judgment for defendant, and plaintiff brings error. Reversed.

J. D. Skeen, of Salt Lake City, Utah (D. A. Skeen and W. H. Wilkins, both of Salt Lake City, Utah, on the brief), for plaintiff in error.

Joseph Chez, of Ogden, Utah (David L. Stine, of Ogden, Utah, on the brief), for defendant in error.

Before HOOK, Circuit Judge, and ELLIOTT and YOUMANS, District Judges.

YOUMANS, District Judge. Plaintiff in error, hereafter called plaintiff, brought suit in the court below against the defendant in error, hereafter called defendant, on the following complaint, omitting caption and signature:

> "Plaintiff complains of defendant and for cause thereof alleges:
> "I. That the plaintiff is a banking corporation organized under and pursuant to the laws of the state of Pennsylvania, and is a resident and citizen of said state. That the defendant is a resident and citizen of the state of Utah.

---

"II. That on the 23d day of April, 1914, the plaintiff and defendant entered into a contract in writing in words and figures following to wit:

" 'In the District Court of the United States for the District of Utah.

" 'Bank of Waynesboro, a Corporation, Plaintiff, v. James Coal & Ice Company, a Corporation, Defendant.

" 'Stipulation.

" 'In consideration of the total sum of nine thousand ($9,000.00) dollars, the Bank of Waynesboro hereby contracts to sell to T. D. Ryan, as trustee, a certain negotiable promissory note dated October 31, 1911, for the sum of $9,562.50, due 18 months after said date, made, executed, and delivered by the James Coal & Ice Company, a corporation, to Frick Company, of Waynesboro, Pa., and by it sold and transferred to the Bank of Waynesboro, of Waynesboro, Pa.; also all right, title, and interest in and to that certain ice plant constructed at Ogden, Utah, by the said Frick Company for the said James Coal & Ice Company, pursuant to a contract between said parties, dated January 7, 1911, the title of said machinery being reserved in the said Frick Company until payment for the total contract price for the erection of said ice plant, and said note being evidence of one of the payments provided for by said contract.

" 'Said sum of nine thousand ($9,000.00) dollars is payable as follows: Five hundred ($500.00) dollars in cash, the receipt of which is hereby acknowledged, and eighty-five hundred ($8,500.00) dollars on or before the 1st day of July, 1914, the said eighty-five hundred ($8,500.00) dollars to bear interest from date hereof until paid at the rate of four (4%) per cent. per annum.

" 'In consideration of the payment of the said five hundred ($500.00) dollars and the agreement to pay the said sum of eighty-five hundred ($8,500.00) dollars, the said Bank of Waynesboro agrees to stipulate for the continuance of said case set for the 23d of April, 1914, until the said 1st day of July, 1914, and upon payment of the said sum of eighty-five hundred ($8,500.00) dollars on or before the said 1st day of July, 1914, the said Bank of Waynesboro agrees to transfer said note and its title to said machinery, and to relinquish all control over said litigation: Provided, however, that the said T. D. Ryan, as trustee, shall protect it against any cost or disbursements in said action, if the litigation is continued in the name of the said bank, and any such costs or disbursements are taxed against the said bank: Provided, that this agreement shall not be construed as an admission on the part of James Coal & Ice Company of the retention of title to said ice plant by the said Frick Company, and the transfer of it to the said Bank of Waynesboro, or the waiver of any rights to said title that the said James Coal & Ice Company may have, and shall operate only as a transfer of all rights to said note and property that the said bank may have therein.

" 'In witness whereof, the parties have hereunto set their hands this 23d day of April, 1914. [Signed] Bank of Waynesboro,
" 'By J. D. Skeen, Attorney.
" 'T. D. Ryan, Trustee.
" 'Approved:
" 'Joseph Chez, Attorney for James Coal & Ice Co.'

"III. That pursuant to the terms of said contract the plaintiff consented to the continuance of said case of Bank of Waynesboro, a corporation, plaintiff, against the James Coal & Ice Company, a corporation, defendant, then on call for trial in the above-entitled court, and said cause was continued upon the stipulation of the parties thereto and the defendant paid to plaintiff the sum of five hundred dollars ($500.00).

"IV. That to facilitate the consummation of said transaction, and to insure the delivery of the papers therein described, pursuant to said agreement, plaintiff and defendant entered into an agreement in writing, the same being in words and figures as follows:

" 'Ogden, Utah, April 24, 1914.

" 'The papers contained in the within envelope, and described hereafter, are left in escrow with the Security State Bank, Ogden, Utah, by Waynesboro

Bank, party of the first part, and T. D. Ryan, trustee, party of the second part, to this escrow agreement.

" 'Description of papers:

" 'One note dated Oct. 31, 1911, for $9,562.50, from James Coal & Ice Company to Frick Company, and indorsed to Bank of Waynesboro; also contract between Frick Company and James Coal & Ice Company for construction of ice plant, Ogden, Utah, dated January 7, 1911, and assignment of contract to Bank of Waynesboro.

" 'The said Security State Bank, Ogden, Utah, is hereby empowered and directed to deliver the above-described papers to T. D. Ryan, trustee, party of the second part, or order, only upon the payment to them of the sum of $8,500.00, * * * 4% interest, for account of the said Bank of Waynesboro, payable as follows: July 1, 1914.

" 'Received above-described escrow, with inclosures.

" 'Security State Bank, Ogden, Utah,
" '[Signed]   F. J. Vicks, Cashr.

" 'In case the terms of this escrow shall be fulfilled, then this agreement shall terminate and be null and void; however, in case the party of the second part shall fail to make the payment at maturity as aforesaid, and for a period of 15 days thereafter, then and in that case the said party of the first part shall have the option, if he so desires, to withdraw the above-described papers, and shall retain any and all sums of money which may have been paid thereon by the said party of the second part as liquidated damages, and the Security Trust & Savings Bank, Odgen, Utah, shall be released from the trust herein created, and from any further responsibility in this matter.

" 'Bank of Waynesboro,
" 'By J. D. Skeen, Att'y.
" 'T. D. Ryan, Trustee.

" 'Signed this 24th day of April, 1914.'

"V. That, in accordance with and pursuant to said last-mentioned agreement, plaintiff and defendant deposited with the Security State Bank of Ogden, Utah, of which the said defendant was president and manager, the said note, contract, and assignment of the said contract from the Frick Company to the Bank of Waynesboro, and authorized and directed the said Security State Bank to deliver said papers to the defendant upon payment of the sum of eighty-five hundred dollars ($8,500.00), with interest as therein provided, on or before the 16th day of July, 1914; that such authority has not been revoked, and plaintiff has in all respects fully performed its said contract, and has often demanded that defendant make payment of said eighty-five hundred ($8,500.00), with interest as provided in said contract.

"VI. That the defendant has failed and neglected to make payment of the said sum of eighty-five hundred dollars ($8,500.00), with interest as aforesaid, or any part thereof.

"Wherefore plaintiff prays judgment against the defendant for the sum of eighty-five hundred dollars ($8,500.00), with interest thereon at the rate of four per cent. per annum from the 23d day of April, 1914, and for costs of this proceeding."

## Defendant filed to that complaint the following demurrer:

"Now comes the defendant in the above-entitled action and demurs to plaintiff's complaint on file herein, and for his ground of demurrer, alleges:

"(1) That there is another action pending between the same parties for the same cause, in this: That the above-purported action is based upon a certain contract entered into between Frick Company, of Waynesboro, Pa., and James Coal & Ice Company, of Ogden, Utah, which contract was subsequently assigned over by the said Frick Company to the above-entitled plaintiff; that the above-named defendant subsequently assigned its right to T. D. Ryan, trustee, defendant herein, all of which appears from the face of the complaint, and that the original action, instituted in the above court and now pending therein, is the same action set out in plaintiff's above complaint, and seeks to recover on the same contract heretofore entered into by Frick Company and

James Coal & Ice Company, and on which an action is now also pending, and that said action is a complete bar to the above and present action.

"(2) That the complaint does not state facts sufficient to constitute a cause of action against this defendant, among other grounds: That the plaintiff is seeking to enforce a certain agreement entered into between the above-named plaintiff and T. D. Ryan, trustee, while the action is instituted against T. D. Ryan individually.

"Wherefore defendant asks that plaintiff's complaint be dismissed, and that defendant have his costs herein expended."

The demurrer was sustained by the court, and the order thereon was as follows:

"This cause having been heretofore submitted on demurrer of defendant to the complaint herein, and by the court taken under advisement, now, after due consideration, it is ordered that said general demurrer be and it hereby is sustained."

By the use of the term "general demurrer" in the order it must be understood that the demurrer was sustained on the second ground; that is, that the complaint did not state facts sufficient to constitute a cause of action against the defendant. This is confirmed by statements made in the brief of each party. In plaintiff's brief appears the following:

"No written opinion was handed down, but from oral comments it appeared that the demurrer was sustained upon the theory that the contract was wholly executory, that plaintiff's only remedy was to retake possession of the property and sue for damages for breach of contract, that such damages were liquidated and limited by the contract to the amount paid, and that therefore no cause of action existed."

In defendant's brief appears the following:

"The court sustained the demurrer upon the theory and upon the ground, stated orally, that the contract as evidenced by the stipulation and escrow agreement was wholly executory, that the plaintiff's remedy was to retake possession of the property and sue for damages for breach of contract, that such damages were liquidated and limited by the contract to the amount paid, or $500, and that therefore no cause of action existed."

The plaintiff elected to stand on its complaint. An order dismissing the complaint was entered, and plaintiff sued out a writ of error.

The entire agreement, according to the allegations of the complaint, is evidenced by the stipulation and escrow agreement. The first paragraph of the stipulation recites that in consideration of $9,000 the plaintiff "contracts to sell" to defendant a promissory note and all interest in a certain ice plant to which title had been reserved. The second paragraph of the stipulation provides that $500 should be paid in cash and $8,500 on or before the 1st day of July, 1914. The third paragraph of the stipulation says:

"In consideration of the payment of the said five hundred ($500.00) dollars and the agreement to pay the said sum of eighty-five hundred ($8,500.00) dollars the said Bank of Waynesboro agrees to stipulate for the continuance of said case set for the 23d of April, 1914, until the said 1st day of July, 1914," etc.

The third paragraph of the complaint alleges that said case was continued upon the stipulation of the parties thereto, and the defendant paid the plaintiff the sum of $500. It is thus seen that by the third paragraph of the stipulation it is agreed that in consideration of the

cash payment of $500 and "the agreement to pay" $8,500, with interest, on or before the 1st day of July, 1914, the plaintiff agreed to continue the case to the 1st day of July, 1914. The third paragraph of the complaint alleged that the case was continued, pursuant to the terms of the contract. As to that portion of the contract nothing remained to be done. It was fully executed.

In so far as the transfer of the note was concerned, the provisions of the stipulation clearly indicate that it was the intention that the note and contract should remain the property of plaintiff until payment was made in full. The provisions of the stipulation are modified and added to by the terms of the escrow agreement of April 24, 1914. That agreement recites that the note, contract, and assignment were left in the possession of the Security State Bank "by the Waynesboro Bank, the party of the first part, and T. D. Ryan, trustee, party of the second part." According to the terms of the stipulation of April 23, 1914, the defendant had no control of the papers. By the agreement of April 24th he unites with the plaintiff to leave the papers with the bank. According to the allegations of the fourth paragraph of the complaint, the second agreement was made "to facilitate the consummation of said transaction and insure the delivery of the papers." The escrow agreement further provided that, in the event the defendant failed to make the payment at maturity and for a period of 15 days thereafter, "then and in that case the said party of the first part shall have the option, if he so desires, to withdraw the above-described papers, and shall retain any and all sums of money which may have been paid thereon by the said party of the second part as liquidated damages." Upon default in payment the plaintiff had "the option," if it should desire, "to withdraw" the papers. The option was to exercise a choice to withdraw the papers or not to withdraw them. If it elected to withdraw them, it took the amount paid as liquidated damages. If it did not elect to withdraw them, it did not take the amount as liquidated damages. If, as a matter of fact, it did exercise its option and withdraw the papers, that was a matter of defense to be set up by answer.

The fifth paragraph of plaintiff's complaint alleges that the papers were deposited with the Security State Bank pursuant to the agreement and with the authority to deliver them to defendant on payment by him of $8,500 and interest and that such authority had not been revoked. By the terms of the stipulation the payment of the $9,000 was in consideration of two separate and distinct things: First, the contract to sell the note and reservation of title; and, second, the continuance of the case. The performance of the two, however, were not, by the terms of the contract, made dependent upon each other. There was one recital with reference to the contract to sell the note, and a separate and distinct recital with reference to the agreement to continue the case. According to the allegations of the complaint, the latter agreement was fully complied with. A right of action in favor of plaintiff accrued upon default in the payment of $8,500. The escrow agreement added an additional element to the contract. It gave the plaintiff the option upon default to repossess itself of the papers and to retain whatever had been paid as liquidated damages.

The complaint was not subject to demurrer. The judgment of the lower court is therefore reversed, and the cause is remanded, with directions to overrule the demurrer and to proceed in accordance with law.

ELLIOTT, District Judge, dissents.